Case 4:21-cv-03369   Document 18   Filed on 01/12/22 in TXSD   Page 1 of 13

United States Courts
Southern District of Texas
FILED

JAN 12 2022

Nathan Ochsner, Clerk of Court

Case No. 4:21-cv-03369

In the United States District Court
for the Southern District of Texas
Houston Division

---

In Re McDermott International, Inc.
Debtor

---

Michael Van Deelen
Appellant

v.

David Dickson, Stuart Spence, Scott Lamb, Joshua Sussberg
Appellees

---

On Appeal from the U.S. Bankruptcy Court for the Southern
District of Texas (the Hon. David Jones)
Bankruptcy No. 20-30336
Adversary Proceeding No. 20-3309

---

## APPELLANT'S REPLY BRIEF TO APPELLEE BRIEF OF DEFENDANTS DICKSON, SPENCE AND LAMB

Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

# TABLE OF CONTENTS

1. Table of Authorities — 3

2. Plaintiff's Suit is Non-Core. — 4

3. The Bankruptcy Court Did Not Have Authority or Jurisdiction to Issue It's October 12, 2021, Final Order Because Plaintiff Did Not Consent to Entry of Final Orders or Judgment by the Bankruptcy Court. — 4

4. Besides Being Non-Core, Plaintiff's Suit Is Not Related to the Bankruptcy Case and the Bankruptcy Court Does Not Have Jurisdiction to Hear It. — 6

5. The Bankruptcy Court Was Required to Remand Plaintiff's State-Law Cause of Action Because It Lacked "Related-To" Subject Matter Jurisdiction. — 6

6. Mandatory Abstention Under 28 U.S.C. § 1334(c)(2). — 8

7. The Factual Allegations Included in Plaintiff's Third Amended Petition Satisfy the Heightened Federal Pleading Standard as Well as the Texas State Pleading Standard for Common Law Fraud. — 9

8. The Bankruptcy Court's October 12, 2021, Order Was Illegal and Violated Plaintiff's Constitutional Rights. — 9

9. The Bankruptcy Court Erred By Denying Plaintiff's Motion to Recuse Judge Jones. — 10

10. It Was Erroneous for the Bankruptcy Court to Grant the Defendants' Emergency Motion to Seal. — 10

11. Conclusion — 11

12. Certificate of Compliance — 13

# TABLE OF AUTHORITIES

**Cases**                                                                             **Page**

*Collins v. Sydow (In re NC12, Inc.)*, 478 B.R. 820, 825      8
(Bankr. S.D. Tex. 2012)

*Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)      6

*In re Craig's Stores of Texas, Inc.,*, 266 F.3d 388, 390      6
(5th Cir. 2001)

*In Re Treyson Dev., Inc.*, No. 14-70256, 2016 WL 1604347      9
(Bankr. S.D. Tex. Apr. 19, 2016)

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,      7
118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998)

*United States v. Troescher*, 99 F.3d 933, 934 n. 1 (9th Cir.1996))      7

**Statutes**

28 U.S.C. Section 455(a)      12

28 U.S.C. Section 455(b)(1)      12

28 U.S.C. Section 1334      8

**Rules**

Bankruptcy Rule 9027(e)(3)      4

## Plaintiff's Suit is Non-Core.

The Appellees do not show that Appellant's suit against the defendants is a core proceeding. On page 18 of their Brief, the Appellees state, "Despited repeated opportunities to amend his complaint, Mr. Van Deelen continues to set forth allegations that directly implicate the chapter 11 proceedings and the terms of the confirmation order." However, the Appellees do not state which allegations "set forth" by the Appellant "directly implicate the chapter 11 proceedings and the terms of the confirmation order."

Appellant's analysis beginning on page 24 of his Brief sets out a clear explanation of why his suit against the defendants is non-core.

## The Bankruptcy Court Did Not Have Authority or Jurisdiction to Issue It's October 12, 2021, Final Order Because Plaintiff Did Not Consent to Entry of Final Orders or Judgment by the Bankruptcy Court.

Beginning on page 27 of his Brief, the Appellant discusses why the Bankruptcy Court did not have authority or jurisdiction to issue its October 12, 2021, Final Order because plaintiff did not consent to the entry of final orders or judgment by the bankruptcy court.

In particular, plaintiff, pursuant to Bankruptcy Rule 9027(e)(3), signed, filed and served the following statement in his Motion to Remand (ROA 10-main/67; 10-main/134) filed on 7/23/2021 (six days after the defendants Notice of Removal (ROA 10-main/12) was filed on 7/17/21):

4

"Plaintiff does not consent to entry of final orders or judgment by the bankruptcy court."

Furthermore, plaintiff further told the bankruptcy court and counsel for all defendants during an August 9, 2021, hearing on plaintiff's suit that plaintiff did not consent to entry of final orders or judgment by the bankruptcy court (ROA 10-1/368).

Given the above, the Appellees contention that Appellant somehow granted the Bankruptcy Court permission to issue a final order is fallacious. Appellant filed his suit against the defendants in Montgomery County, Texas, District Court. The defendants removed the suit to Federal Court. Filing pleadings after removal does not cancel plaintiff's statements that he does not consent to entry of final orders or judgment by the Bankruptcy Court. Plaintiff filed no stipulation allowing the Bankruptcy Court to issue a final order or judgment.

In their (false) claim that Appellant somehow impliedly consented to the Bankruptcy Court's jurisdiction, the Appellees cite (beginning on page 22 of their Brief) docket numbers 17, 19, 21 and 22. However, these docket numbers are not included in the record on appeal and may not be cited as argument in the Appellee Brief.

Furthermore, as seen below and in Appellant's Brief, the Bankruptcy Court does not have subject-matter subject matter jurisdiction over plaintiff's case and

cannot therefore hear it. Subject matter jurisdiction "can never be waived or forfeited" *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### Besides Being Non-Core, Plaintiff's Suit Is Not Related to the Bankruptcy Case and the Bankruptcy Court Does Not Have Jurisdiction to Hear It.

In their Brief, the Appellees rely on *In re Craig's Stores of Texas, Inc.,* , 266 F.3d 388, 390 (5th Cir. 2001), to show that plaintiff's state law-only suit against non-parties to the underlying bankruptcy case was somehow "related to" the underlying bankruptcy case of McDermott International. The Appellees are incorrect. In *Craig's Stores*, a state law-only contract cause of action involving parties to the underlying bankruptcy suit, the Fifth Circuit affirmed the dismissal of the bankruptcy court judgment after agreeing with other circuit courts that "[bankruptcy] court jurisdiction does not last forever."

Beginning on page 29 of his Brief, the Appellant discusses why the Bankruptcy Court does not have jurisdiction to hear his suit against the defendants because his suit is not related to the bankruptcy case.

### The Bankruptcy Court Was Required to Remand Plaintiff's State-Law Cause of Action Because It Lacked "Related-To" Subject Matter Jurisdiction.

The bankruptcy court erred in not remanding plaintiff's state common law fraud claim.

Plaintiff's Motion to Remand (ROA 10-main/67; 10-main/134) challenged the bankruptcy court's jurisdiction to hear the adversary proceeding. So did

6

Plaintiff's Response to Defendants David Dickson, Stuart Spence, and Scott Lamb's Motion to Dismiss Plaintiff's Third Amended Petition (ROA 10-1/100, 103) and his Plaintiff's Response to Defendant Sussberg's Motion to Dismiss Plaintiff's Third Amended Petition (ROA 10-1/126, 129). This jurisdictional challenge should have been (but wasn't) addressed by the bankruptcy court before hearing the defendants' motions to dismiss.

The Supreme Court has stated that jurisdiction must be considered at the outset of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998) (majority opinion) (quoting *United States v. Troescher*, 99 F.3d 933, 934 n. 1 (9th Cir.1996)).

In *Steel, Supra*, the U.S. Supreme Court stated:

"this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, *e. g., Capron* v. *Van Noorden,* 2 Cranch 126; *Arizonans for Official English* v. *Arizona,* 520 U. S. 43, 73. *Bell* v. *Hood, supra; National Railroad Passenger Corp.* v. *National Assn. of Railroad Passengers,* 414 U. S. 453, 465, n. 13; *Norton* v. *Mathews,* 427 U. S. 524, 531; *Secretary of Navy* v. *Avrech,* 418 U. S. 676, 678 *(per curiam); United States* v. *Augenblick,* 393 U. S. 348; *Philbrook* v. *Glodgett,* 421 U. S. 707, 721; and *Chandler* v. *Judicial Council of Tenth Circuit,* 398 U. S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an ultra vires act. Pp. 93-102."

Because the bankruptcy court lacked "related-to" subject matter jurisdiction, it was required to remand plaintiff's state-law only cause of action to Montgomery County, Texas, District Court where it was originally filed.

7

If the Court lacks subject matter jurisdiction over claims because the claims are not related to a bankruptcy, then the Court must remand the claims. *Collins v. Sydow, (In re NC12, Inc.)*, 478 B.R. 820, 825 (Bankr. S.D. Tex. 2012).

Instead, the bankruptcy court, in its 10/12/21 Order dismissing plaintiff's case, clearly erred when it ignored plaintiff's jurisdictional argument and his Motion to Remand, considered plaintiff's state-law common law fraud claim as a federal claim, applied the federal heightened pleading standards of 12(b)(6) and 9(b) to the state common law fraud claim, dismissed plaintiff's state common law fraud claim and **then** dismissed plaintiff's remand argument by stating that the dismissal of plaintiff's state common law fraud claim left nothing to remand (ROA 10-1/441)!

## Mandatory Abstention Under 28 U.S.C. § 1334(c)(2)

Beginning on page 37 of his Brief, the Appellant discusses why Mandatory Abstention is appropriate.

On page 23 of the Appellees' Brief, they state: "Mandatory abstention is inappropriate here because Mr. Van Deelen's claim could not have been timely adjudicated in state court. Their analysis is wrong. **While an affirmative showing of the possibility of timely adjudication in state court may be necessary where a movant seeks abstention from a proceeding originating in federal court, such a showing is not necessary where the movant is contesting**

8

**the removal of his own state action."** (Emphasis added.) *In Re Treyson Dev., Inc.*, No. 14-70256, 2016 WL 1604347 (Bankr. S.D. Tex. Apr. 19, 2016) (citing *Abadie v. Poppin*, 154 B.R. 86, 90 (N.D. Cal. 1993)).

### The Factual Allegations Included in Plaintiff's Third Amended Petition Satisfy the Heightened Federal Pleading Standard as Well as the Texas State Pleading Standard for Common Law Fraud.

Beginning on page 41 of his Brief, the Appellant argues why the factual allegations included in his Plaintiff's Third Amended Petition satisfy the heightened federal pleading standard as well as the Texas state pleading standard for common law fraud.

### The Bankruptcy Court's October 12, 2021, Order Was Illegal and Violated Appellant's Constitutional Rights.

On page 47 of his Appellant's Brief, the Appellant argues why the Bankruptcy Court's October 12, 2021, Order establishing jurisdiction over plaintiff's future state court actions is illegal and violates Appellant's Constitutional rights.

The Appellees did not address this issue in their Brief.

The Bankruptcy Court's clearly illegal and unconstitutional Order establishing jurisdiction over plaintiff's future state court actions shows clear bias and animosity towards the Appellant that should call into question the entirety of the Bankruptcy Court's October 12, 2021, Order.

9

## The Bankruptcy Court Erred By Denying Plaintiff's Motion to Recuse Judge Jones.

Beginning on page 52 of his Brief, the Appellant lays out numerous examples of abusive treatment he received from Bankruptcy Court Judge David Jones during the pendency of plaintiff's case against the defendants and he provided ample evidence for this Court to review. Included in this "evidence" is the subsequent October 12, 2021, Order issued by Judge Jones which illegally and unconstitutionally establishes jurisdiction over plaintiff's future state court actions.

The Appellees' argument that there is not sufficient evidence for Judge Jones to have been recused rings hollow, especially in light of the fact that the defendants' own counsel presented fraudulent citations to the Bankruptcy Court purporting to contain recordings of plaintiff calling the Bankruptcy Court a "Son of a ....." (page 58, Appellant's Brief).

## It Was Erroneous for the Bankruptcy Court to Grant the Defendants' Emergency Motion to Seal.

Beginning on page 50 of his Appellant's Brief, the Appellant argues that the Bankruptcy Court erred in granting the Defendants' Emergency Motion to Seal.

On September 8, 2021, Judge Jones issued his Order Granting Defendants' Emergency Motion to Seal (ROA 10-1/437). Although plaintiff requested a hearing on the motion to seal (ROA 10-main/274) and although Judge Jones' Order

10

Case 4:21-cv-03369   Document 18   Filed on 01/12/22 in TXSD   Page 11 of 13

(ROA 10-1/437) states that 'this Court... [has] heard the statements in support of the relief requested therein at a hearing before this Court;', **there was no hearing.**

Not only did plaintiff request a hearing on the Defendants' Emergency Motion to Seal (filed on March 8, 2021), the Bankruptcy Court falsified the record by stating in its September 8, 2021, Order granting the Defendants' "Emergency" Motion to Seal that a hearing was in fact held. In their Brief, the Appellees do not dispute the contention made in Appellant's Brief (on page 50) that no hearing was held.

This is yet another example of the bias and animosity the Bankruptcy Court held against the plaintiff.

On December 7, 2021, this Court issued its Order Granting Appellants' Motion to Accept Documents Under Seal Into Appellate Record. On December 15, 2021, Appellant notified the Bankruptcy Court clerk of the Court's Order.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Vacate the bankruptcy court's October 12, 2021, final Order.

2. Vacate the dismissal of plaintiff's Third Amended Petition.

3. Remand plaintiff's case to Montgomery County, Texas, District Court.

4. Vacate the bankruptcy court's October 12, 2021, Order's constraints on plaintiff filings which state:

"***Any* further *state court litigation* brought by Mr. Van Deelen regarding *McDermott* or *these proceedings* should be removed immediately to this Court."

5. Vacate the order granting the Defendants' Emergency Motion to Seal and unseal the documents (DOC. 37 in adversary proceeding 20-3309).

6. Vacate the order sealing Plaintiff's Addendum to Plaintiff's Motion Pursuant to 28 U.S.C. Sections 455(a) and 455(b)(1) to Disqualify Bankruptcy Court Judge David Jones From Presiding Over the Above-Captioned Adversary Proceeding and unseal the documents (DOC. 39 in adversary proceeding 20-3309).

7. Recuse bankruptcy court Judge Jones from any further participation in plaintiff's case.

8. Grant such other and further relief as the Court deems just.

Dated this 12th day of January, 2022.

Respectfully submitted,

/s/ Michael Van Deelen
Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

12

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document contains 2,398 words, not including items excluded pursuant to Rule 8015(g). I further certify that this document has been prepared in a conventional typeface no smaller than 14-point for text.

Dated: January 12, 2022

<div style="text-align:right">

/s/ Michael Van Deelen
Appellant

</div>

## CERTIFICATE OF SERVICE

I, Michael Van Deelen, do hereby certify that I caused a copy of the foregoing document to be served on the defendants by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on January 12, 2022.

<div style="text-align:right">

/s/ Michael Van Deelen
Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

</div>