**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MCDERMOTT INTERNATIONAL, INC., *et al.*,[1] | § | Case No. 20-30336 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |
| MICHAEL VAN DEELEN | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 20-03309 (DRJ) |
| | § | |
| v. | § | Appeal No. 4:21-cv-3369 (ASH) |
| | § | |
| DAVID DICKSON, | § | |
| and STUART SPENCE, | § | |
| and SCOTT LAMB, and | § | |
| JOSHUA SUSSBERG, | § | |
| and 10 JOHN/JANE DOES | § | |
| | § | |
| Defendants. | § | |

**JOINT MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON APPEAL**
**AND, IN THE ALTERNATIVE, MOTION TO TAKE JUDICIAL NOTICE**

Pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(2)(C), Appellees David

Dickson, Stuart Spence, Scott Lamb, and Joshua Sussberg respectfully request that this

Court order the certification and transmittal of a supplemental record on appeal. In support

of this Motion, Appellees state as follows:

1. Federal Rule of Bankruptcy Procedure 8009(e)(2)(C) provides "[i]f anything

material to either party is omitted from or misstated in the record by error or accident, the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/McDermott. The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

omission or misstatement may be corrected, and a supplemental record may be certified and transmitted. . . . (C) by the court where the appeal is pending. . . ."

2.      Multiple material items that are part of the record in this case, were not included in the record on appeal.  Those items include Appellant Michael Van Deelen's motions for entry of default judgment, which Appellees argue on appeal waived any challenge to the bankruptcy court's authority to enter final orders, and which Mr. Van Deelen contends cannot be considered on appeal because they are not currently part of the record on appeal.  *See* Dkt. No. 18 at 5.[2] Those items also include certain items Appellant and Appellees designated that appear to have been inadvertently omitted from the record transmitted to this Court. In the interest of justice and providing this Court with a complete record on appeal, Appellees respectfully request that the Court supplement the record on appeal and order the certification and transmittal of these additional items from the bankruptcy court to this Court.

**A.  The record on appeal should be supplemented to include the default judgment pleadings from the adversary proceeding.**

3.      In their response briefs, Appellees pointed to Mr. Van Deelen's requests for entry of default judgment against the MDR Defendants, in which Mr. Van Deelen both sought substantive relief from the bankruptcy court and acknowledged that the "Court has jurisdiction over this matter…", to establish Mr. Van Deelen's implied consent to the

---

[2]      References to docket entries in the district court proceeding on appeal, Case No. 4:21-cv-3369, shall appear as "Dkt. No." References to docket entries in the adversary proceeding shall appear as "Adv. Dkt. No.", and references to docket entries in the underlying bankruptcy proceeding shall appear as "Bankr. Dkt. No."

bankruptcy court's authority to enter a final judgment. *See* Dkt. No. 15 at 37-39; Dkt. No. 16 at 30. In response, Mr. Van Deelen contended, in relevant part, that the default judgment pleadings may not be considered because they are not currently part of the appellate record. *See* Dkt. No. 18 at 5.

4.     The default judgment pleadings should be included in the record and considered on appeal because the records are material, and their inclusion would serve justice, not prejudice Appellant, and not create inefficiency or delay. Those items include:

   a.   The *Clerk's Entry of Default Against Stuart Spence* (Adv. Dkt. No. 17, Case No. 20-03309) and the *Clerk's Entry for Default Against Scott Lamb* (Adv. Dkt. No. 19, Case No. 20-03309), both filed on September 24, 2020.

   b.   Mr. Van Deelen's *Motion for Default Judgment* (Adv. Dkt. No. 21, Case No. 20-03309) and *Corrected Motion for Default Judgment* (Adv. Dkt. No. 22, Case No. 20-03309), both filed on September 25, 2020.

   c.   *Defendants' Response to Plaintiff's Motion for Default Judgment and Requests for Entry of Default* (Adv. Dkt. No. 23, Case No. 20-03309), filed on October 7, 2020.

   d.   Mr. Van Deelen's *Reply to Defendants' Response* (Adv. Dkt. No. 26, Case No. 20-03309), filed on October 8, 2020.

5.     Federal Rule of Bankruptcy Procedure 8009 required Appellant to file with the bankruptcy clerk and serve on Appellees a designation of items to be included in the record on appeal and a statement of the issues to be presented within fourteen days of the notice of appeal. Fed. R. Bankr. P. 8009(a)(1). The purpose of the statement of issues is "principally to identify the portions of the testimony below that should be included in the record on appeal." *In re CPDC Inc*., 221 F.3d 693, 698 (5th Cir. 2000). Appellant bears

3

the burden to create an adequate appellate record and "may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts." *In re Primera Energy, LLC*, 609 B.R. 49, 57 (Bankr. W.D. Tex. 2019) (internal citations omitted).

6.     Although Appellant designated certain items to be included in the record on appeal, he never filed or served a statement of the issues. This failure, alone, could justify dismissing his entire appeal. *See In re CPDC Inc*., 221 F.3d 693 at 699 (dismissal for failure to file statement of issues committed to discretion of district court); *Merkle v. Merkle*, No. BR 16-50026-CAG, 2021 WL 2953168, at *3 (W.D. Tex. Jan. 31, 2021) ("Dismissals of bankruptcy court appeals have been affirmed for failure to comply with the rules" (internal quotations omitted)); *Bryant v. Bosco Credit Tr. II Tr. Series 2010-1*, 621 B.R. 113, 120 (N.D. Tex. 2020) (ruling issue not raised in statement of issues was waived and citing cases in support). But, at the very least, Appellant's failure to file a statement of issues and thereby provide Appellees with timely notice of his arguments on appeal justifies allowing supplementation of the record on appeal to include items material to an appellate issue of which Appellees only received notice when they received Appellant's brief. No prejudice results to Appellant from allowing the requested supplementation; indeed, to disallow supplementation of the appellate record under these circumstances would unfairly prejudice and work an injustice to Appellees. Moreover, this appeal has only been pending since October 14, 2021 (*see* Dkt. No. 1), and the addition of the small number of items requested in this Motion will not unduly delay these proceedings or create inefficiency.

7. Accordingly, for the sake of completeness and in the interest of justice, Appellees request that a supplemental record be certified and transmitted to include the above-referenced records. *See* Fed. R. Bankr. P. 8009(e)(2)(C).

**B. The record on appeal should be supplemented to include items designated but excluded from the record.**

8. Appellant and Appellees designated certain additional items to be included in the record on appeal, some of which appear to have been omitted from the record. *See* Adv. Dkt. Nos. 93, 96, 97. These items include:

a. Debtors' *Chapter 11 Voluntary Petition for Non-Individuals Filing for Bankruptcy* (Bankr. Dkt. No. 1, Case No. 20-30336), filed on January 21, 2020.

b. Debtors' Chapter 11 Plan of Reorganization Filed by McDermott International, Inc. (Bankr. Dkt. No. 5, Case No. 20-30336), filed on January 22, 2020.

c. Plaintiff's *Objection to Confirmation of Plan* (Bankr. Dkt. No. 510, Case No. 20-30336), filed on February 27, 2020.

d. Debtors' *Notice of Filing of Plan Supplement* (Bankr. Dkt. No. 520, Case No. 20-30336), filed on February 29, 2020.

e. Debtors' *Notice of Filing of Amended Plan Supplement* (Bankr. Dkt. No. 622, Case No. 20-30336), filed on March 11, 2020.

f. Debtors' *Notice of Filing of Second Amended Plan Supplement* (Bankr. Dkt. No. 647, Case No. 20-30336), and the *Amended Chapter 11 Plan* (Bankr. Dkt. No. 651, Case No. 20-30336), both filed on March 12, 2020.

g. The Transcript for the Hearing held on 3/9/2020 before Judge David R. Jones (Bankr. Dkt. No. 664, Case No. 20-30336), filed on March 12, 2020.

h. The Court's *Order Approving the Debtors' Disclosure Statement and Confirming the Second Amended Joint Prepackaged Chapter 11 Plan of*

5

*Reorganization of McDermott International, Inc. and Its Debtor Affiliates* (Bankr. Dkt. No. 665, Case No. 20-30336), filed on March 12, 2020.

i.   The Court's *Amended Order Approving the Debtors' Disclosure Statement and Confirming the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization of McDermott International, Inc. and Its Debtor Affiliates* (Bankr. Dkt. No. 684, Case No. 20-30336), filed on March 14, 2020.

j.   The Transcript for the Hearing held on 3/12/2020 before Judge David E. Jones (Bankr. Dkt. No. 690, Case No. 20-30336), filed on March 16, 2020.

k.   Debtors' *Emergency Motion for Michael Van Deelen to Appear and Show Cause Why He Should Not be Held in Contempt of Court and Prohibited from Further Contact with the Debtors, Their Officers, or Their Counsel* (Bankr. Dkt. No. 694 (lead document), Case No. 20-30336), filed on March 17, 2020.

l.   Courtroom Minutes: *Time Hearing Held: 9:00 AM – 9:39 AM. Hearing heard before Bankruptcy Judge Marvin Isgur. Telephonic Appearances: Plaintiff Michael Van Deelen present, sworn in and testimony given. Anna Rotman for the Defendants. The motion to recuse is denied on the record, order to be entered by the Court as stated on the record. (Related documents: Motion to Recuse Judge, Motion to Stay, Certificate of Notice)* (Adv. Dkt. No. 41, Case No. 20-03309), entered on March 10, 2021.

m.   Courtroom Minutes: *Time Hearing Held: 9:50 AM. Appearances: Jamie Aycock, Michael Van Deelen. (Related documents: Notice of Removal) Plaintiff to amend his complaint by 4/12/2021, Response due by 5/3/2021, Reply due by 5/24/2021. Hearing scheduled for 6/7/2021 at 9:00 AM by telephone and video conference. Note: All pending matters are continued to 6/7/2021 at 9:00 AM* (Adv. Dkt. No. 43, Case No. 20-03309), entered on March 10, 2021.

n.   Courtroom Minutes: *Time Hearing Held: 11:00 AM. Appearances: Jamie Aycock; Michael Van Deelen; Matthew Cavenaugh. (Related documents: (1) Notice of Removal, Certificate of Notice) Today's hearing is continued to 8/9/2021 at 11:00 AM by telephone and video conference. Mr. Van Deelen to file an amended complaint by 6/21/2021; Mr. Aycock*

*to file an amended pleading by 7/12/2021; response due by 7/26/2021*
(Adv. Dkt. No. 55, Case No. 20-03309), entered on June 7, 2021.

9.      Based on the issues raised in Appellant's brief, these items are material and

relevant to the issues on appeal. *See* Fed. R. Bankr. P. 8009(e)(2). Accordingly, in order to

provide the United States District Court with a complete record on appeal that includes the

records material to the issues on appeal, Appellees respectfully submit the record should

be supplemented to include these pleadings and transcripts pursuant to Federal Rule of

Bankruptcy Procedure 8009(e)(2)(C).

**C. In the alternative, the Court may take judicial notice of the court records at issue.**

10.      In the alternative, Appellees respectfully request for this Court to take

judicial notice of the court records identified above. This Court may take judicial notice of

its own records in this proceeding and related proceedings, such as the McDermott

bankruptcy proceeding and underlying adversary proceeding. *See* Fed. R. Evid. 201; *In re*

*Santos*, 616 B.R. 332, 341 n. 16 (N.D. Tex. 2020) (bankruptcy court may take judicial

notice of "(a) prior court proceedings as a matter of public record; (b) its own records; (c)

related proceedings and records in cases before that court; and (d) all documents filed with

the court in the bankruptcy case") (citing Fifth Circuit authority). The court records

identified above are plainly suitable for judicial notice.

11.      When it is appropriate, judicial notice is "mandatory." Fed. R. Evid. 201(d).

"A court *shall* take judicial notice if requested by a party and supplied with the necessary

information." *Id.* (emphasis added).  By this motion, Appellees supply "the necessary information," which consists of the docket entries identified above.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellees respectfully request that the Court grant this Motion and order certification and transmittal of the above-referenced items for inclusion in the record on appeal or, in the alternative, take judicial notice of the above-referenced court records.

Houston, Texas
Dated: January 21, 2022

*/s/ Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Facsimile:   (713) 752-4221
Email:        mcavenaugh@jw.com
                jwertz@jw.com
                kpeguero@jw.com
                vpolnick@jw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anna G. Rotman, P.C. (TX Bar No. 24046761)
Jamie Alan Aycock (TX Bar No. 24050241)
609 Main Street
Houston, TX 77002
Telephone:  (713) 836-3600
Facsimile:   (713) 836-3601
Email:        anna.rotman@kirkland.com
                jamie.aycock@kirkland.com

-and-

John Christian (TX Bar No. 24109727)
1601 Elm Street
Dallas, TX 75201
Telephone:  (214) 972-1770
Facsimile:   (214) 972-1771
Email:         john.christian@kirkland.com

*/s/ David J. Beck*

**BECK REDDEN LLP**
David J. Beck
Texas Bar No. 00000070
dbeck@beckredden.com
Jacqueline M. Furlow
Texas Bar No. 24087551
jfurlow@beckredden.com
Owen J. McGovern
State Bar No. 24092804
omcgovern@beckredden.com
Hannah L. Roblyer
State Bar No. 24106356
hroblyer@beckredden.com
1221 McKinney, Suite 4500
Houston, TX  77010
(713) 951-3700
(713) 951-3720 (Fax)

*Attorneys for Appellees*

9

## **Certificate of Service**

I hereby certify that on January 21, 2022, I caused a true and correct copy of the foregoing document to be served via the Court's ECF notification system to the parties listed below at the email addresses listed.

> Michael Van Deelen
> 16215 Friar Circle
> Spring, TX 77379
> michaelvandeelen@gmail.com

> */s/ Matthew D. Cavenaugh*
> Matthew D. Cavenaugh