United States Courts
Southern District of Texas
FILED

JAN 25 2022

Case No. 4:21-cv-03369

Nathan Ochsner, Clerk of Court

In the United States District Court
for the Southern District of Texas
Houston Division

In Re McDermott International, Inc.
Debtor

Michael Van Deelen
Appellant

v.

David Dickson, Stuart Spence, Scott Lamb, Joshua Sussberg
Appellees

On Appeal from the U.S. Bankruptcy Court for the Southern
District of Texas (the Hon. David Jones)
Bankruptcy No. 20-30336
Adversary Proceeding No. 20-3309

**APPELLANT'S MOTION FOR SANCTIONS AND APPELLANT'S REPLY TO JOINT MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON APPEAL AND, IN THE ALTERNATIVE, MOTION TO TAKE JUDICIAL NOTICE**

Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

COMES NOW the Appellant, Michael Van Deelen, and for his Appellant's Motion for Sanctions and Appellant's Reply to Joint Motion for Leave to Supplement the Record On Appeal and, in the Alternative, Motion to Take Judicial Notice, states as follows:

**Motion for Sanctions**

This Court is undoubtedly aware that pro se litigants are prohibited from electronically filing documents. Throughout the pendency of the above-denoted proceedings, the Appellees' attorneys, including Matthew Cavenaugh, being aware of the pro se filing prohibition, have directly emailed copies of their filings to Appellant.

In their Joint Motion for Leave to Supplement the Record On Appeal and, in the Alternative, Motion to Take Judicial Notice, the Appellees, being aware that Appellant is not in the Court's ECF notification system, represented to this Court that they served Appellant the motion:

"Certificate of Service

I hereby certify that on January 21, 2022, I caused a true and correct copy of the foregoing document to be served *via the Court's ECF notification system* (emphasis added) to the parties listed below at the email addresses listed.

    Michael Van Deelen
    16215 Friar Circle
    Spring, TX 77379
    michaelvandeelen@gmail.com

                              /s/ Matthew D. Cavenaugh
                              Matthew D. Cavenaugh"

By way of comparison, the Appellees' Notice of Appearance (doc. 14) stated:

## "CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas and/*or via email to all counsel of record* (emphasis added).

/s/ Jamie Alan Aycock
Jamie Alan Aycock"

Document 14 acknowledges that the Appellees knew that Appellant had to be served outside the Court's ECF notification system.

Naturally, because Appellant is not in the Court's ECF notification system, he did not receive the Appellees' Motion for Leave to Supplement the Record On Appeal and, in the Alternative, Motion to Take Judicial Notice. Appellant discovered the motion only by sheer luck when he accessed Court records on January 24, 2022, to check to see if the Bankruptcy Court had forwarded sealed documents 37 and 39 to this Court pursuant to this Court's December 7, 2021, Order to do so. (It hadn't.)

By signing the Certificate of Service, Appellee Counsel Matthew Cavenaugh attempted to mislead this Court into thinking Appellant had been served the

Appellees' Joint Motion for Leave to Supplement the Record On Appeal and, in the Alternative, Motion to Take Judicial Notice when in fact Cavenaugh knew that Appellant would not receive the Motion because he was not in the Court's ECF Notification System. Had Appellant not timely responded to the Motion this Court may well have taken that into account and granted it.

Please see Exhibit A, Appellant's Declaration.

Appellant's Brief (doc. 12) discusses prior misbehavior by Appellee attorneys when they falsely told Bankruptcy Court Judge David Jones that Appellant had called Judge Jones a "Son-of-a-B...." during the March 12, 2020, Plan Confirmation Hearing.

Accordingly, Appellant respectfully asks this Court to sanction Mr. Cavenaugh pursuant to Fed. Rules Civ. Proc. Rule 11(a), (b) and (c).

**This Court Must Deny The Appellees' Joint Motion For Leave To Supplement The Record On Appeal, And, In The Alternative, Motion To Take Judicial Notice.**

Firstly, the Appellees are mixing apples and oranges in their argument that Appellant's statement in his pleadings for default (e.g. - doc. 17, case no. 20-03309) that the [Bankruptcy] Court could decide a procedural issue (the defendants failed to timely respond to Appellant's suit against them that they themselves removed to Bankruptcy Court) implied his consent for the Bankruptcy Court to issue a final order or judgment.

4

Having jurisdiction to hear Appellant's arguments, procedural or otherwise, did not grant the Bankruptcy Court authority to issue a final order or judgment. Literally, any pleading filed in the Bankruptcy Court by Appellant or the defendants had to be heard by the Bankruptcy Court. If not, what was Appellant supposed to do, nothing? Did responding to any defendant motion or filing any pleading imply Appellant's consent for the Bankruptcy Court to issue a final order or judgment? No it did not.

As noted in Appellant's Brief, Appellant, pursuant to Bankruptcy Rule 9027(e)(3), signed, filed and served the following statement in his Motion to Remand (ROA 10-main/67; 10-main/134) filed on 7/23/2021 (six days after the defendants Notice of Removal (ROA 10-main/12) was filed on 7/17/21):

"Plaintiff does not consent to entry of final orders or judgment by the bankruptcy court."

Furthermore, Appellant further told the bankruptcy court and counsel for all defendants during an August 9, 2021, hearing on Appellant's suit that Appellant did not consent to entry of final orders or judgment by the bankruptcy court (ROA 10-1/368).

Appellant's statement (made at the very beginning of the case as well as later on as seen above) that the Appellant did not consent ***to entry of final orders or judgment by the Bankruptcy Court*** (emphasis added) was made pursuant to

5

Bankruptcy Rule 9027(e)(3) and is not subject to interpretation. At no time during the Bankruptcy Court proceedings did Appellant stipulate, change his mind or waive his right to prohibit the Bankruptcy Court from entering final orders or judgment.

Simply put, if the Bankruptcy Court would have found the defendants to be in default, it would have still been prevented from entering final orders or judgment thereon. Because Appellant did not grant the Bankruptcy Court authority to issue final orders or judgment, the favorable default ruling would still have to have been submitted to the district court for approval or denial. 28 U.S.C. Section 157(c)(1).

Fed. R. Civ. P. Rule 55(a) states:

"(a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Appellant's statement that "This Court has jurisdiction over this *matter* (emphasis added) pursuant to Fed. R. Bankr. P. Rule 7055 and Fed. R. Civ. P. Rule 55(a)." (Doc. 17, Case no. 20-3309) does not negate Appellant's statements made pursuant to Bankruptcy Rule 9027(e)(3) not consenting to *final* (emphasis added) orders or judgment by the Bankruptcy Court. The statement simply means the Bankruptcy Court could enter a default *that must be reviewed by the district court for approval or denial*. (Emphasis added.)

In fact, even if Appellant would have granted authority to the Bankruptcy Court to issue final orders or judgment in his state-law only common law fraud claim, it would have been unconstitutional for the Bankruptcy Court to have done so. *Stern v. Marshall*, 564 U.S. 462, 469 (2011), states that **a bankruptcy court lacks the constitutional authority to enter a final judgment on a state law [counter]claim that is not resolved in the process of ruling on a creditor's proof of claim**. (The defendants have never claimed that Appellant has filed a proof of claim in the McDermott International bankruptcy proceedings. Appellant has not filed a proof of claim.) (Appellant's Brief, doc. 12).

Secondly, the Appellees are appearing to blame the Appellant for not himself designating the documents they seek to add to the record in their instant motion because they were unaware of any issue that would require the documents to be included in the record.

On 10/20/21, Appellant filed his Plaintiff's Second Amended Notice of Appeal (doc. 4) which included a statement of the orders and decisions being appealed.

After receiving the Record on Appeal (doc. 10) on 11/19/21, Appellant began writing his Brief. Appellant's Brief (doc. 12) was filed and served on 12/7/2021. Appellant's Brief contains a Statement of Facts pursuant to Rule 8014(a)(5). The Appellees could have moved to supplement the record before they

filed their Brief on 1/06/22, but they did not. Instead, their Brief attempted to incorrectly refer to default judgment and other documents which were not in the record and which the Appellants knew were not in the record prior to writing and filing their Brief. Appellant caught this and his Reply Brief (doc. 18) filed on 1/12/22 objected to the inclusion.

Now that the time for the filing of briefs has passed, the Appellees want to have a second bite of the apple by supplementing the record with material that they knew about after being served Appellant's brief and prior to submitting their own briefs. For this Court to allow this would constitute unfair surprise and prejudice the Appellant. At a minimum, Appellant would have to seek permission from this Court to file an amended Reply Brief.

Thirdly, the Appellees claim that some of their designated items did not show up in the Record on Appeal. It is too late for the Appellees to complain about this. The Appellees did not object or bring up this issue when the Record on Appeal (doc. 10) was published on 11/19/21. The Appellees did not object or bring up this issue when Appellant filed and served his Brief (doc. 12) on 12/7/21. The Appellees did not object or bring up this issue when they filed and served their Briefs (docs. 15 and 16) on 1/06/2022. The Appellees only objected after they had been served Appellant's Reply Brief (doc. 18) on 1/12/22. This is an outrageous attempt to abuse the appellate rules and process by the Appellees and allowing

them to have a fresh bite of the apple will prejudice the Appellant who will have to begin again by filing a new Brief dealing with the out-of-time additions the Appellees are attempting to make to the record. Appellant's new Brief will undoubtedly lead to a new Appellee Brief which will undoubtedly lead to a new Appellant Reply Brief. And on and on.

Finally, in their shotgun approach to changing the record, the Appellees ask the Court to alternatively take judicial notice of the records they want it to consider in the instant appeal. This is just an 'end-around' attempt to have the Court consider documents that have not been included in the Record on Appeal. The Appellants cite no Bankruptcy Rule or case law that allows a Court to effectively supplement the record by taking judicial notice of documents that are not in the Record on Appeal. At the very least, the need to create a firm record on appeal for possible subsequent appeals (i.e. - The Fifth Circuit Court of Appeals) should prohibit this Court from taking judicial notice of documents which are not in the Record on Appeal.

WHEREFORE, Appellant moves this Court to grant his Motion for Sanctions and to deny the Appellee's Joint Motion for Leave to Supplement the Record on Appeal and, in the Alternative, Motion to Take Judicial Notice.

Dated: January 25, 2022

/s/ Michael Van Deelen
Appellant

## CERTIFICATE OF SERVICE

I, Michael Van Deelen, do hereby certify that I caused a copy of the foregoing document to be served on the defendants by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on January 25, 2022.

/s/ Michael Van Deelen
Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

# EXHIBIT A

# APPELLANT'S DECLARATION

Case No. 4:21-cv-03369

In the United States District Court
for the Southern District of Texas
Houston Division

In Re McDermott International, Inc.
Debtor

Michael Van Deelen
Appellant

v.

David Dickson, Stuart Spence, Scott Lamb, Joshua Sussberg
Appellees

On Appeal from the U.S. Bankruptcy Court for the Southern District of Texas (the Hon. David Jones)
Bankruptcy No. 20-30336
Adversary Proceeding No. 20-3309

**DECLARATION OF MICHAEL VAN DEELEN**

Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

I, Michael D. Van Deelen, hereby declare under penalty of perjury:

1. I am over 21 years of age, and I am fully competent to make this declaration. The facts stated herein are within my personal knowledge and are true and correct.

2. I am not allowed to use the Southern District of Texas ECF Document filing System, allegedly because I am a Pro Se litigant.

3. Early on during the pendency of the above-listed cases, I had discussed with Mr. Cavenaugh's firm the need to separately email copies of his pleadings to me at my email address: michaelvandeelen@gmail.com.

4. During the pendency of these proceedings, Mr. Cavanaugh's firm consistently emailed to me copies of their pleadings, except for their pleading filed on 1/21/2022 (doc. 19) entitled "Joint Motion for Leave to Supplement the Record On Appeal and, in the Alternative, Motion to Take Judicial Notice".

5. I did not receive a copy of the Appellee pleading entitled "Joint Motion for Leave to Supplement the Record On Appeal and, in the Alternative, Motion to Take Judicial Notice" from Mr. Cavenaugh, any other Appellee attorney, the Court or anyone else even though that pleading contained a Certificate of Service signed by Mr. Cavenaugh stating I had been served the pleading.

6. I discovered the pleading only by sheer luck when I accessed Court records on January 24, 2022, to check to see if the Bankruptcy Court had

forwarded sealed documents 37 and 39 to the Court pursuant to this Court's December 7, 2021, Order to do so. (It hadn't.)

Pursuant to 28 U.S.C. Section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas, on January 25, 2021.

/s/ Michael Van Deelen
Michael Van Deelen