Case No. 4:21-cv-03369

In the United States District Court
for the Southern District of Texas
Houston Division

United States Courts
Southern District of Texas
FILED

JAN 17 2023

Nathan Ochsner, Clerk of Court

---

In Re McDermott International, Inc.
Debtor

---

Michael Van Deelen
Appellant

v.

David Dickson, Stuart Spence, Scott Lamb, Joshua Sussberg
Appellees

---

On Appeal from the U.S. Bankruptcy Court for the Southern
District of Texas (the Hon. David Jones)
Bankruptcy No. 20-30336
Adversary Proceeding No. 20-3309

---

## **MOTION FOR REHEARING**

Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

1

COMES NOW the Appellant, Michael Van Deelen, and makes this Motion for Rehearing pursuant to Bankruptcy Rule 8022. In support of his Motion, Appellant states as follows:

Argument 9 in Appellant's Brief (page 47) stated that "The Bankruptcy Court's October 12, 2021 Was Illegal and Violated Plaintiff's Constitutional Rights". The District Court did not address or even mention Appellant's Argument 9 in its January 9, 2023, decision and must do so now.

28 U.S.C. Section 1334 confines a bankruptcy court's subject matter jurisdiction to matters that are at least related to a bankruptcy case.

The Bankruptcy Court's subject matter jurisdiction is limited to bankruptcy cases and proceedings that arise under the Bankruptcy Code, arise in a bankruptcy case, or are related to a bankruptcy case. 28 U.S.C. § 1334. *Collins v. Sydow (In re NC12, Inc.)*, 478 B.R. 820, 825 (Bankr. S.D. Tex. 2012).

Bankruptcy courts are Article I courts. State law causes of action that do not implicate bankruptcy-related public rights can only be resolved through final orders by Article III courts. *In re Ramirez*, 413 B.R. 621, 627 (Bankr. S.D. Tex. 2009).

*In re Seven Seas Petroleum*, 522 F.3d 575, 583 (5th Cir. 2008) states:

"After a plan is confirmed, the bankruptcy court's jurisdiction is limited to matters pertaining to the implementation or execution of the plan. *Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390 (5th Cir.

2001). This jurisdiction extends to matters that "impact compliance with or completion of the reorganization plan." *In re U.S. Brass Corp.*, 301 F.3d at 305."

**A plan only releases the estate's claims against a debtor and third party pursuits of their own claims against the debtor cannot be characterized as an attempt to invalidate the release contained in the plan, and jurisdiction is not available on this basis** (emphasis added). *Seven Seas, Supra.*

The bankruptcy court does not have jurisdiction of plaintiff's private actions unrelated to the judicial proceedings under 11 U.S.C. 105(a). Section 105(a) authorizes the bankruptcy court to issue any order necessary or appropriate to carry out the provisions of the Code:

"The Supreme Court has taught that any grant of authority given to the bankruptcy courts under § 105 must be exercised within the confines of the bankruptcy code." *Gouveia v. Tazbir*, 37 F.3d 295, 301 (7th Cir. 1994) (citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197 (1988)). Thus, courts may not use § 105 to create substantive rights unavailable under the Code. *See Taylor v. United States (In re Taylor)*, 263 B.R. 139 (N.D. Ala. 2001) (note: on appeal to 11th Cir.); *MFS Telecom, Inc. v. Motorola, Inc. (In re Conxus Communications, Inc.)*, 262 B.R. 893, 899 (D. Del. 2001); *Waugh v. Eldridge (In re Waugh)*, 165 B.R. 450, 451 (Bankr. E.D. Ark. 1994); *see also In re One Times Square Assocs. Ltd. P'ship*, 159 B.R. 695, 702 (Bankr. S.D.N.Y. 1993), *aff'd*, 165 B.R. 773 (S.D.N.Y.), *aff'd*, 41 F.3d 1502 (2d Cir. 1994) (§ 105 should be used sparingly and then only to supplement, not supplant, the Code).

Apparently not realizing the limits of his authority, Judge Jones, in his October 12, 2021, Order, after stating that "The McDermott bankruptcy case is over. The Court's confirmation order is final and binding.", ordered that ***"Any* further *state court litigation* brought by Mr. Van Deelen regarding *McDermott***

3

**or *these proceedings* should be removed immediately to this Court. If such litigation is initiated and the current pattern of behavior continues, the Court will *revisit* the issue of *compensatory* and coercive sanctions necessary to protect the sanctity of the Court's orders, the bankruptcy process, and the rule of law."** (Emphasis added.) (ROA 10-1/441, 453).

As seen herein, the Article I bankruptcy judge Judge Jones has no authority whatsoever to prevent plaintiff from initiating *any state court litigation* against *McDermott* (that existed and exits as a surviving concern after its bankruptcy case was over and whom plaintiff has never sued) *or* nebulously relating to "*these proceedings*" (that are over and have been finalized). Furthermore, during the motion hearing held on August 9, 2021, the defendants, through their attorneys, each told Judge Jones that they were not seeking monetary sanctions against the plaintiff (ROA 10-2/278). The court is simply attempting to further intimidate plaintiff into not exercising his fundamental rights of freedom of speech and equal access to the courts and to further retaliate against plaintiff for having already done so in his suit against the current defendants, each of whom is no longer employed by McDermott.

Therefore, Appellant respectfully requests that the appellate court overturn the bankruptcy court's illegal, unconstitutional, Order discussed above.

4

Dated this 17th day of January, 2023.

Respectfully submitted,

/s/ Michael Van Deelen
Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to Rule 8015(h) that this document contains 1,059 words.

I further certify that this document has been prepared in a conventional typeface no smaller than 14-point for text.

Dated: January 17, 2023

/s/ Michael Van Deelen
Appellant

## CERTIFICATE OF SERVICE

I, Michael Van Deelen, do hereby certify that I caused a copy of the foregoing document to be served on the defendants by the Electronic Case Filing System for the United States District Court for the Southern District of Texas by filing it in the United States Bankruptcy Court for the Southern District of Texas on January 17, 2023. I further certify that, by prior custom, I emailed copies of the foregoing documents on January 17, 2023, to:

**Matthew D Cavenaugh**
Jackson Walker LLP
Email: mcavenaugh@jw.com

**Anna Rotman**
Kirkland & Ellis LLP
Email: anna.rotman@kirkland.com

Attorneys for defendants Dickson, Spence and Lamb

And:

**David J. Beck**
Beck Redden LLP
Email: dbeck@beckredden.com

Attorney for dismissed defendant Joshua Sussberg

/s/ Michael Van Deelen
Michael Van Deelen
Appellant
16215 Friar Circle
Spring, TX 77379
832-562-0723
michaelvandeelen@gmail.com